■    In the Matter of the Claim of ANTHONY FARFALLA, Respondent. NEW YORK RACING ASSOCIATION, INC., Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 10, 1977, which reversed a decision of the referee and found claimant eligible for benefits. Upon the formation of the New York Racing Association, Inc. (NYRA), in 1956, claimant was employed as a clerk and assigned to the check cashing window at the three racetracks, Belmont, Aqueduct and Saratoga, operated by NYRA. Prior to the beginning of each race meeting claimant was required to sign a form in which he assumed personal responsibility for any shortages. Claimant was authorized to cash personal checks of patrons only in accordance with check cashing procedures established by NYRA and with which he was thoroughly familiar. During May, 1974 claimant admits that he cashed, without authority and in violation of check cashing procedures, a total of 11 checks for a Ms. Lustig in the sum of $191,960. These checks were returned for insufficient funds. The NYRA later recovered from the assets of Ms. Lustig the sum of $102,500.82, leaving an outstanding balance of $89,459.18. Claimant also cashed unauthorized checks for $14,000 for another patron, which he later repaid to NYRA. In April, 1975 NYRA requested that claimant, in accordance with an industry-wide practice, formulate a payment schedule for the outstanding debt. Claimant refused and he was suspended on December 31, 1975. On March 5, 1976 claimant was terminated. Claimant then requested unemployment benefits. The referee ruled that claimant was ineligible because of his misconduct in refusing to sign an agreement insuring his continued employment provided (1) he paid to NYRA $12,500 on the date of the agreement, (2) $12,500 additional within 30 days, (3) assign all future income tax refunds to NYRA, (4) consent to the deduction of $100 per week from his salary and (5) that he would be discharged should a shortage develop in the future. The board reversed on the ground that deductions from employees' wages are precluded by section 193 of the Labor Law. So far as pertinent herein, section 193 of the Labor Law, as amended in 1974, provides "1. No employer shall make any deduction from the wages of an employee, except deductions which: (a) are made in accordance with the provisions of any law or rule or regulation issued by any governmental agencies * * * 2. No employer shall make any charge against wages, or require an employee to make any payment by separate transaction unless such charge or payment is permitted as a deduction from wages under the provisions of subdivision one of this section." Subdivision 1 of section 201 of the Pari-Mutuel Revenue Law (L 1976, ch 92, § 7) provides that "There is hereby created within the executive department the New York state racing and wagering board, which board shall have general jurisdiction over all horse racing activities and all pari-mutuel betting activities * * * All the powers, duties and functions heretofore conferred by law individually on the state racing commission * * * are hereby transferred to the state racing and wagering board * * * The prior acts, and orders, and the *existing rules and regulations* of the individual commissions superseded herein shall continue in full force and effect" (emphasis supplied). One of the *"existing*

*rules and regulations"* of the superseded State Racing Commission adopted as 9 NYCRR 4009.26 of the rules and regulations of the New York State Racing and Wagering Board states: "Shortages. A track may deduct from the wages of a pari-mutuel employee monies owed as a result of such employee's going short on any particular racing day." Clearly, New York State Racing and Wagering Board is a governmental agency within the meaning of section 193 (subd 1, par [a]) of the Labor Law, and equally clear is the fact that New York State Racing and Wagering Board has adopted a rule, which must be given retroactive effect, permitting the type of deduction from an employee's wages that the board found proscribed by section 193. Decision reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Greenblott, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.